

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 04-CR-10152-JLT |
| v. | VIOLATIONS: 18 U.S.C. §1623 (Perjury) |
| DAVID LAFLEUR | 18 U.S.C. §1503 (Obstruction of Justice) |
| Defendant. | |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
(Perjury)

1.   At all times material to this Indictment, **DAVID LAFLEUR**, was a police officer employed by the city of Fall River, MA.

2.   On or about February 7, 2002, in the District of Massachusetts, the defendant

**DAVID LAFLEUR**

while under oath and testifying in a proceeding before a Grand Jury of the United States in the District of Massachusetts, knowingly did make a false material declaration as set forth below in paragraphs 3 through 5 of this Indictment.

3.   At the time and place stated above, the Grand Jury was conducting an investigation into various criminal offenses

occurring in the Fall River area, including but not limited to drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846; public corruption, in violation of Title 18, United States Code, Section 1951; and racketeering activity in violation of Title 18, United States Code, Sections 1961-63. It was material to this investigation that the Grand Jury determine, among other things, whether **DAVID LAFLEUR** or any other Fall River police officer provided law enforcement information to Timothy Mello or the Timothy Mello criminal organization; whether **DAVID LAFLEUR** or any other Fall River police officer received cash payments or things of value from Timothy Mello or the Timothy Mello criminal organization; or whether **DAVID LAFLEUR** or any other Fall River police officer received any payments or things of value from Timothy Mello or the Timothy Mello criminal organization in exchange for assisting Timothy Mello or any of his associates avoid arrest.

4.    At the time and place stated above, **DAVID LAFLEUR**, appearing as a witness and testifying under oath at a proceeding before the Grand Jury, testified that he did not provide favors to Timothy Mello; that he never received any payment from Timothy Mello in exchange for law enforcement information; and was not aware of any Fall River police officer receiving cash payments from Mello.  Specifically, **DAVID LAFLEUR,** while testifying under oath before the Grand Jury on February 7, 2002, knowingly made

the following declarations in response to questions with respect to matters material to the Grand Jury investigation:

Q   Did you ever do any favors for Mello?

A   **Never. I never would**.

Q   Did you ever run any license plates for Mello?

A   **Absolutely not**.

Q   Did you ever run any license plates for people connected to Mello?

A   **Of course not, no.**

Q   Did you ever find out about investigations for Mello?

A   **Never, no.**

Q   Did you ever give him a heads up that the cops are looking at him in various areas?

A   **No, never**.

Q   Ever tell Mello about any informants-

A   **No, of course not**.

Q   Do you know any Fall River Police Officers who have?

A   **No**.

Q   Okay. Why, why is it you told officers a couple, oh, about a month ago, when you were interviewed, that you were interviewed, that you had information that would break the department wide open?

A   I was, it was regarding another incident. I was angry. I said some things I shouldn't have said that I, I regret today. I didn't mean anything by it.

3

Q    Do you have any knowledge of corruption in the Fall River Police Department?

A    **No**.

Q    Are you sure about that?

A    **Positive**.

Q    Do you have any knowledge of Fall River Police officers taking cash from criminals like Mello?

A    **No**.

\* \* \* \* \*

Q    Okay. And I'm asking you again. Have you ever done any favors for Mr. Mello in the past?

A    **Absolutely not**.

Q    And do you know anyone on the Fall River Police Department who has?

A    **Not firsthand knowledge, no, sir**.

5.   The declarations of the defendant **DAVID LAFLEUR**, underscored and in bold type in paragraph 4 above, as he then and there well knew and believed, were false in the following ways: a) **LAFLEUR** had concealed a quantity of cocaine from fellow Fall River police officers to shield Timothy Mello and an associate from arrest during a raid in September 1992; b) in exchange for assisting Timothy Mello in this fashion, **LAFLEUR** received a cash payment from Timothy Mello; c) **LAFLEUR** provided sensitive law enforcement information to the Timothy Mello organization including, but not limited to, pending investigations, the

existence of electronic surveillance, the identity of potential informants and the presence of surveillance vehicles in Fall River; and d) in exchange for providing law enforcement information to Timothy Mello, **LAFLEUR** received cash payments.

All in violation of Title 18, United States Code, Section 1623.

## COUNT TWO
(Obstruction of Justice)

6. On or about February 7, 2002, in the District of Massachusetts, the defendant

**DAVID LAFLEUR**

did corruptly endeavor to influence, obstruct, and impede the due administration of justice in that the defendant **LAFLEUR** did knowingly and willfully make false and misleading declarations before the Grand Jury with intent to obstruct and impede the Grand Jury investigation as set forth in Count One of this Indictment, the factual allegations of which are incorporated by reference as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1503.

A TRUE BILL

_____
FOREMAN OF THE GRAND JURY

_____
Brian T. Kelly
Frank M. Gaziano
Assistant U.S. Attorneys

**DISTRICT OF MASSACHUSETTS**           May 13, 2004 @ 1:01 PM

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

7