UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -5 P 1:53

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 04-00471-JLT |
| ) | |
| DAVID LAFLEUR, ) | |
| Defendant ) | |

## DEFENDANT'S MOTION FOR DISCOVERY

Defendant, David LaFleur, by and through undersigned Counsel, respectfully moves pursuant to the Constitution of the United States of America, Rule 16 of the Federal Rules of Criminal Procedure, and Local Rule 116.3, for further discovery, as follows[1]:

1. **Tangible Evidence**

For entry of an order directing the United States Attorney to permit the Defendant's Attorney to inspect and copy or photograph[2], books papers, documents, logs, notes, chart summaries, graphs, computer print-outs, photographs, tangible objects, buildings, vessels, vehicles, or place(s) or copies or portions thereof, which are within the possession, custody or control of the state or federal law enforcement personnel, and are

---

[1] Information in the possession of the United States includes all local, state, federal (any district) or foreign documents or data of which the Unites States has knowledge and to which it reasonably has access. See, United States v. Bryan, 868 F.2d 1032, 1036-1037 (9th Cir.1989) (we do not believe that adopting a mechanical definition of government that would deny to the Defendant(s) documents accessible to the prosecution would reflect a fair balance of the competing concerns of the government and the Defendant(s) in this case). The prosecutor should be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency pursuant to treaties for mutual assistance in criminal matters.

[2] Request No. 1 seeks, inter alia, production of charts, summaries, diagrams, etc. and trial exhibits. It is requested that same be furnished at least three weeks prior to trial, along with any underlying documents, to permit the timely interposition, of in-limine motions and/or other objections to admissibility. And to the extent practicable, all photographs should be originals or photographs (rather than photocopied) duplicates.

material to the preparation of the defense or are intended for use by the United States as evidence at the Trial, or were obtained from, or belong to, the Defendant. The Defendant further requests that the government identify, if applicable, the person(s) and place(s) from which the foregoing item of physical evidence is derived, the date and time of the production/seizure, the name(s) of person(s) effecting same and all witnesses thereto, whether search warrants were involved, and if so, a copy of the warrant application, affidavit, and return.

These requests include, but are not limited to, the following:

a. Statements known to, or possessed by the United States, or persons with information relative to the Defendant, or the facts alleged in the indictment, whether or not prospective witnesses, including, but not limited to, written documents, audio or video tapes, and including the substance of any oral statement not reduced to writing or recording, including any and all federal, foreign/international, state, county, or local law enforcement reports as well as any police notes and memoranda;

b. the names and addresses of all potential witnesses, including, but not limited to, any and all eyewitness to any of the charged conduct;

c. the names, addresses, and phone numbers of all persons interviewed by the United States in the course of its investigation, whether or not it intends to call them as witnesses in its case;

d. the names, addresses, phone numbers, and curricula vitae of all experts whom the United States intends to use in the preparation of its case or to call as witnesses at trial, including laboratory personnel;

e. the names of any state or federal informers, agents, employees or special employees who in any way have

knowledge of the Defendant, or of the facts alleged in the complaint, are percipient witness(es) thereto, or are alleged to have entrapped the Defendant; Roviaro v. United States, 353 U.S. 53 (1957). If necessary, such production may, under appropriate circumstances, be made in-camera to this Court;

f.  any and all documents or physical items including charts and/or summaries which the United States intends to introduce as evidence at trial;

g.  copies, and the distribution list, of any news or press releases or photographs prepared by any agency of the Government which in any way reflects to the matters alleged in this indictment;

h.  originals or copies of all documents obtained from third parties, including but not limited to the Federal Bureau of Investigation, the Bristol County Sheriff's Department, the Fall River Police Department, the Internal Revenue Service, and any other local, state or federal or foreign law enforcement documents/reports/logs, which are in the possession, custody or control of Attorneys for the Government and which are expected to be utilized in proving the charges herein, or which are exculpatory in nature;

i.  any and all documents or physical items presented or shown to the Grand Jury, documents taken from the Defendant, toll records, charts, and summaries which are to be utilized as evidence at trial;

j.  any photographs or other pictures used to identify the Defendant during the course of this investigation;

    k.    a written summary of the testimony the Government intends to use under Federal Rules of Evidence 702, 703 or 705, during the case in chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications, pursuant to Fed.R.Crim.P. 16(a)(1)(E);

    l.    whether any searches were conducted, whether by warrant or not, which resulted in the seizure of any item which is to be introduced at the trial of <u>this</u> indictment. If so, the Defendant moves that he be provided with the following:

        i.    the date, time and location of each search;

        ii.    the circumstances under which the search took place, including copies of any applications, affidavits or warrants;

        iii.    the items seized (for inspection and copying);

    m.    the names of any informers, agents, employees or special employees of any law enforcement agency (foreign, federal, state, county, local or private) who have knowledge of the Defendant, or of the facts alleged in the indictment, or are percipient witnesses thereto;

    n.    a copy of the signed "proffer letter" the Defendant was originally asked by the Government to hand-deliver to his cousin Vincent Schierri;

    o.    a copy of any "target letter" served on the Defendant, if such a target letter, in fact, exists and/or was ever served on the Defendant;

    p.    a copy of any waiver of rights form(s) executed by the Defendant in this case; and

      q.      a copy of the return on the Grand Jury Subpoena served on the Defendant by Deputy Sheriff John O'Neil; and

      r.      a copy of the Order authorizing the pen register/trap and trace device referenced in the government's case in chief against the Defendant.

It is further requested that the United States Attorney indicate in writing to the Court and to the Defendant if any of the foregoing material and information requested above in paragraphs 1 a-r is not being produced on the belief and contention that it is either a report, memorandum, or other internal government document made by agents in connection with the investigation or prosecution of the case and thus non-discoverable, or is privileged for any other reason.

## 2. Results of Tests and Examinations

For entry of an order directing the United States Attorney to permit the Defendant's Attorneys to:

      a.      Inspect/copy/photograph results or reports of physical or mental examinations, and of any medical and/or scientific tests or experiments which are within the possession, custody or control of the United States or of any of its agents, the existence of which is known, or by the exercise of due diligence may become known, to the United States, and which are material to the preparation of the defense (including tests and test results which are not to be utilized at the Trial.)

## 3. Expert Witness Information

For entry of an order directing the United States Attorney to provide a written summary of expert testimony intended for use in its case in chief disclosing the identities, qualifications, opinions and bases therefore, of its expert witnesses. "Expert witnesses", as used herein, includes, but is not limited to, scientists, psychiatrists and psychologists,

crime scene analysts, handwriting and voice identification experts, computer experts, forfeiture or other organized enterprise experts, and accounting, tax or economic experts.

### 4. Psychiatric or Substance Abuse History of Witnesses

For entry of an order directing the United States Attorney to disclose and notify Defendant's Attorney of any alcohol or substance abuse problem, or significant psychiatric problem, of individuals who are to be called as witnesses for the United States and to produce any reports thereof, including the name and address of any psychiatric hospital, psychiatrist, psychologist, psychotherapist, social worker or counselor consulted by the witness, and a description of any treatment, in-patient or out-patient, in the possession of the United States. If any government witness has, or had a mental disease or substance abuse problem which would interfere with its ability to know/remember/understand/ testify, such information would be exculpatory and should be produced. The denial of the within request will clearly prejudice the Defendant and it will be denied due process of law. Granting this request will not hamper the fair administration of justice. See Ruiz v. Cady, 710 F.2d 1214, 1218 (7th Cir. 1983); United States v. Bouye, 668 F.2d 471, 473 (7th Cir. 1981). Parenthetically, in United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983), the court reversed a Defendant's conviction holding that the District Court improperly restricted cross-examination as to a witness' history of psychiatric disorders, and further improperly denied to the Defendant access to documents and medical records pertaining to the witness' psychiatric history. Giglio v. United States, 405 U.S. 150 (1972).

It is also requested that the United States Attorney request a protective order if it refuses or denies production of any of the material or information requested in paragraph 4 on the basis of privilege.

### 5. Prior/Subsequent Bad Acts

Defendant requests entry of an order requiring the United States Attorney to disclose its intention to introduce evidence concerning so-called prior/subsequent bad acts of the Defendant, or of prior criminal convictions. See Fed. R. Evid. 404(b). If the

6

United State discloses that it does, in fact, intend to introduce any evidence of prior or subsequent misconduct/bad acts or criminal record, the Defendant moves that the United States be ordered to disclose the names and addresses of each witness who will testify to same, a description of the conduct which the United States intends to introduce into evidence, and the date and place of said conduct. The Defendant asserts that he will file motion in-limine to preclude admission of same and both fundamental fairness and the need for an orderly trial dictate immediate disclosure.

6.   **Rewards and Inducements**

For entry of an order requiring the United States Attorney to disclose whether any promises, inducements or rewards were made to any person in connection with the investigation and/or prosecution of this matter, including notification of past cooperation/rewards. The Defendant specifically requests that the United States be ordered to disclose whether any witnesses were offered promises, inducements or rewards of any nature whatsoever (including, but not restricted to, promises/threats made to themselves, family members, friends, or significant others), relating to not being prosecuted or investigated for crimes relating to parole or probation status, relating to sentencing or sentencing recommendations, relating to the prosecution informing judges, law enforcement personnel, or any relevant individual of cooperation (or lack thereof), relating to immunity/leniency in any federal, state, foreign, or local prosecution or administrative procedure, relating to immigration/deportation status, relating to loss of income, reputation, profession, relating to payment of compensation or expenses, relating to promises not to pursue civil actions, forfeitures, or related tax prosecutions. See, Giglio v. United States, 405 U.S. 150 (1972).

7.   **Government Witnesses**

For an order directing the United States Attorney to disclose a list of the identities and to the extent known, the whereabouts, (addresses and phone numbers) of each and every person the United States reasonably expects to call as a witness in their case-in-chief (to the extent not already disclosed); alternatively, without waiving the primary request of this paragraph, to disclose a list of the identities of each and every:

7

  a. eyewitness to the commission of any offense, or any overt act of any offense alleged in the indictment;

  b. any witness that the United States reasonably expects to testify to lay opinions as to any material element of this case.

## 8.   Preservation of Notes

Entry of a written order directing the United States Attorney to preserve and retain, intact, all of the information/evidence requested in this Omnibus Discovery Motion[3]. The Indictment presents a potentially complicated set of facts, acts and transactions. This Court has not yet determined the parameters of Defendant's discovery rights in this case.

Included in this request, by way of illustration only, would be the following:

  a. evidence, reports, rough notes or other information arguably subject to disclosure, discovery, inspection, or subpoena pursuant to the Rules of Criminal Procedure, especially those documents specifically requested herein.

  b. evidence, reports, notes or other information arguably favorable or useful to the Defendant regarding her guilt or innocence or concerning impeachment of government witnesses; and/or

  c. evidence, surveillance reports and witness interview notes and notes relative to witnesses the United States does not intend to call at this time, but whom the United States may wish to call as a witness at a Pretrial Hearing or in rebuttal of a witness which the State may classify as a potential or prospective witness at the Trial itself. The Defendant submits that the United States has no legitimate interest in the suppression/destruction of the requested documents. The incidental and slight burden which might be imposed

---

[3] The Court has previously entered a verbal order regarding preservation of notes, etc.

upon the government agencies involved by requiring them to retain their records intact until such time as the Defendant and/or the Court has an opportunity to inspect/test them is manifestly outweighed by the Defendant's substantial interest in a fair trial and his right to due process of law.

9. **Exculpatory Evidence**

The Defendant hereby reminds the United States of its continuing obligation to provide the Defendant on an on-going basis with any and all facts of an exculpatory nature known to, or in the possession of the United States, or its agents, including but not limited to information that could be used to impeach or discredit the expected testimony of, or cast doubt upon, Government witnesses, and as well as any information that would mitigate the severity of the offenses charged, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny.

10. **Further Motions**

Entry of an order permitting Counsel for the Defendant to file further Motions after the United State's full response to those requests filed herewith and allowed by the Court, including, but not limited to Motion to Suppress Grand Jury Testimony, Motion to Dismiss, and Motions for Supplementary Discovery. The Defendant further requests that he be allowed to file Trial Motions (e.g., request for jury instructions, voir dire questions to jury, to sequester, in-limine), within 48 hours of the actual trial date. In support hereof, the Defendant states that the requests filed herewith seek certain information necessary to a determination of whether the additional and potentially critical dispositive/evidentiary motions will need to be filed. Without the additional information, the filing of such motions would be premature or incomplete.

**CONCLUSION**

David LaFleur, by undersigned Counsel, respectfully asks that the foregoing requests be granted for the reasons stated.

Dated: October 5, 2004

Respectfully submitted,
DAVID LAFLEUR
By his attorney,

Jeffrey A. Denner, BBO # 120520
Brad Bailey, BBO#549749
Gary Pelletier, BBO # 631732
DENNER O'MALLEY, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 227-2800

**Certificate of Service**
I, Brad Bailey, Counsel for Defendant, hereby certify that on the 5th day of October, 2004, the within Defendant's Motion for Discovery, was delivered by hand to Assistant U.S. Attorney Brian Kelly.

Brad Bailey

10