UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Crim. No. 04-10152-JLT |
| v. | ) ) |  |
| DAVID LAFLEUR | ) ) ) |  |

## DEFENDANT DAVID LAFLEUR'S MOTION IN LIMINE TO ALLOW DEFENDANT LEAVE TO INTRODUCE REPUTATION TESTIMONY THROUGH CHARACTER WITNESSES

David Lafleur ("the defendant"), by and through undersigned counsel, hereby moves this Honorable Court for an order permitting him to introduce evidence of his reputation for honesty, truthfulness, and veracity at his trial. The defendant intends to introduce the evidence of his reputation through the testimony of character witnesses. It is axiomatic that a criminal defendant has the right to present evidence of his honesty and trustworthiness when these traits are pertinent to the case. United States v. Smith, 46 F.3d 1223, 1233 (1st Cir. 1995) ("The government concedes that even if a criminal defendant does not testify, evidence of his truthfulness and veracity may be admitted where such character traits are pertinent to the case") (internal quotations omitted); Fed. R. Evid. 404(a)(1); Fed. R. Evid. 405. Character witnesses are a widely accepted vehicle for introducing a defendant's reputation for honesty. See United States v. Cruzado-Laureano, 404 F.3d 470, 479 (1st Cir.), cert. denied, 126 S. Ct. 639 (2005); Smith, 46

F.3d at 1233 ("Counsel should have attempted to offer reputation evidence, either through Petri, whom he recalled, or the other character witnesses").

Here, the question of the defendant's honesty and truthfulness is not only pertinent; it is the central issue in the case. The defendant faces a trial on charges of perjury and obstruction of justice. Nothing is a more pertinent trait in a perjury trial than a defendant's reputation for honesty. In accordance with Federal Rules of Evidence 404(a)(1) and 405 and well-established jurisprudence, the court should allow the defendant to present testimony regarding his reputation for honesty and veracity.

WHEREFORE, the defendant asks the court to allow his motion and permit him to present witnesses who will testify about the defendant's reputation for honesty.

Dated: March 7, 2006  
Boston, Massachusetts

Respectfully submitted,  
DAVID LAFLEUR  
By his attorneys,

/s/ Brad Bailey

Brad Bailey, BBO#549749  
Gary G. Pelletier, BBO#631732  
Jeffrey A. Denner, BBO#120520  
DENNER O'MALLEY, LLP  
Four Longfellow Place, 35th Floor  
Boston, Massachusetts 02114  
(617) 227-2800