UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | CRIM. NO. 04-10152-JLT |
| ) | |
| **DAVID LAFLEUR** ) | |
| ) | |
| **Defendant.** ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO ALLOW REPUTATION TESTIMONY THROUGH CHARACTER WITNESSES

Defendant has filed a motion in limine "for an order permitting him to introduce evidence of his reputation for honesty, truthfulness, and veracity at his trial" and has indicated that he "intends to introduce the evidence of his reputation through the testimony of character witnesses."

Under Fed.R.Evid. 404(a)(1), a defendant may elect to offer evidence of "a **pertinent** trait of character." If the defendant offers such evidence, the prosecution may offer evidence "to rebut the same." Fed.R.Evid. 404(a)(1).[1] The word "pertinent" is "read as synonymous with 'relevant.'" United States v. Angelini, 678 F.2d 380, 381 (1st Cir. 1982). Thus, the traits of bravery, attention to duties as a police officer, and community spirit are **not** relevant in a perjury prosecution of a police officer. United

---

[1] Under Fed.R.Evid. 405(a), defendant Lafleur can only prove character through reputation and opinion evidence - not through specific instances of conduct. However, on cross-examination, Fed.R.Evid. 405(a) permits the government to inquire into relevant specific instances of conduct.

States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1989), reh'g denied(1990).  However, evidence of the general character trait of "law abidingness" is pertinent no matter what crime is charged in the indictment.  Angelini, 678 F.2d at 381-82; United States v. Hewitt, 634 F.2d 277, 279-80 (5th Cir. 1981).      Of course, it is well settled that a trial court has broad discretion to limit the number of character witnesses.  Michelson v. United States, 335 U.S. 469, 480 (1948).  Numerous appellate courts have found no error when a trial court has limited the number of a defendant's character witnesses.  United States v. Scholl, 166 F.3d 964, 972 (9th Cir.), cert. denied, 528 U.S. 873 (1999)(three witnesses); United States v. Johnson, 730 F.2d 683, 688 (11th Cir.), cert. denied, 469 U.S. 857 (1984)(three witnesses); United States v. Koessel, 706 F.2d 271, 275 (8th Cir. 1983)(three witnesses); United States v. Henry, 560 F.2d 963, 965 (9th Cir. 1977)(two witnesses).

Accordingly, the government respectfully submits that this Court should permit only two character witnesses in this case and should limit their testimony to defendant Lafleur's reputation for "law abidingness" and for honesty or truthfulness.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Dated: April 7, 2006                By:/s/ Brian T. Kelly
                                           Brian T. Kelly
                                           George W. Vien
                                           Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I, Brian T. Kelly, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ Brian T. Kelly
BRIAN T. KELLY
Assistant U.S. Attorney