UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
UNITED STATES OF AMERICA     )
                                        )     Crim. No. 04-10152-JLT
v.                                     )
                                        )
DAVID LAFLEUR                )
                                        )
_____)

**DEFENDANT'S MOTION *IN LIMINE* TO PROHIBIT**
**EVIDENCE OF "OTHER CRIMES, WRONGS, OR ACTS"**

       The Defendant, David Lafleur ("the Defendant"), by and through undersigned counsel, pursuant to, inter alia, Fed. R. Evidence. 402, 403 and 404(b), moves this Honorable Court to preclude the Government from introducing the following evidence in its case in chief against the defendant:

1.    Any evidence of civilian complaints against the defendant not related to the crimes charged in the indictment; any evidence of his suspension for an altercation with another police officer not related to the crimes charged in the indictment; evidence of any disciplinary proceedings conducted by the Fall River Police Department for actions not related to the crimes charged in the indictment; evidence of letters of sanction, or references to alleged misconduct, in his Fall River Police personnel files not related to crimes charged in the indictment; as well as any and all unrelated behavior which can be characterized as "Other Crimes, Wrongs, or Acts" as defined under Fed. R. Evidence. 404(b), including any uncharged crimes, or any conduct about

which the defendant has neither been arrested or charged that the Government may contend is criminal in nature.

As grounds, the defendant avers and states that such is unrelated evidence is not relevant to the underlying charges pursuant to Fed. R. Evidence. 402.  Moreover, he has received no formal notice by the Government that it intends to present such evidence under Fed. R. Evidence. 404(b).  In addition, such evidence is inadmissible to prove the character of an individual in order to show that the person acted in conformity therewith.  Instead, in order for evidence of prior bad acts to be admitted, the Court must find that the evidence passes two tests.  First, the evidence of the bad act must have a special relevance to an issue in the case for a purpose other than proving the defendant's character or disposition.  Second, evidence that is specialy relevant still may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evidence 402, 403 and 404(b), 28 U.S.C.A. (see *United States v. Varoudakis*, 233 F.3d 113, 118, (1st Cir. 2000).  Second, to allow for the introduction of evidence that pertains to earlier disciplinary action or complaints wholly unrelated to the acts charged here introduces excessive prejudice into the Jury's decision making calculus that no amount of curative instructions can ameliorate.

WHEREFORE, the defendant requests that his Motion in Limine to Prohibit Evidence of "Other Crimes, Wrongs, or Acts" be granted.

Dated: April 24, 2006                                Respectfully submitted,
Boston, Massachusetts                                DAVID LAFLEUR
                                                     By his attorneys,

                                                     /s/ Brad Bailey
                                                     _____
                                                     Brad Bailey, BBO#549749
                                                     Jeffrey A. Denner, BBO#120520
                                                     Gary G. Pelletier, BBO#631732
                                                     DENNER ASSOCIATES, P.C.
                                                     Four Longfellow Place, 35th Floor
                                                     Boston, Massachusetts 02114
                                                     (617) 227-2800

Case 1:04-cr-10152-JLT    Document 43    Filed 04/24/2006    Page 3 of 3