UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-00471-JLT |
| | ) | |
| DAVID LAFLEUR | ) | |

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS AND REQUEST TO ASK SAME ON AN INDIVIDUAL BASIS

David LaFleur, the defendant in the above-captioned case ("the Defendant"), by and through his attorneys, hereby moves this Honorable Court to put the following questions to the jury panel **individually**. The grounds for the present request for such individualized questioning are as follows:

A.)     Individual voir dire will provide the parties with a much better procedure to determine whether each person stands indifferent or is affected by any bias, prejudice or interest.

B.)     Sensitive issues such as some of those suggested below require individual questioning, since collective questioning may not elicit a response from a particular juror simply because he/she may be too embarrassed, shy, or cautious to answer candidly.  See *Irvin v. Dowd*, 366 U.S. 717, 728 (1961) ("No doubt each juror was sincere when he said that he would be fair and impartial... but the psychological impact of requiring such a declaration before one's fellows is often its father".)  Further, the American Bar Association Project on Minimum Standards for Criminal Justice recommends questioning jurors individually, "outside the presence of other chosen and prospective jurors" in criminal cases where "questions of possible prejudice are raised." *ABA Standards for Criminal Justice 8-3.5 (1980)*.

The proposed questions are as follows:

1)  Have you seen, heard, or read anything about this case?

2)  Have you, your spouse, any member of your family or any close friend ever been a victim of a crime?

3)  David Lafleur was employed as a Police Officer in Fall River, MA. at the time of these alleged charges. Does the fact that the defendant is a police officer make it difficult for you to evaluate the evidence in this case fairly or impartially?

4)  Do you now or have you in the past, worked for any local, state, or federal law enforcement agency? Do you have any relatives, close friends, or neighbors who presently work for, or who have in the past, worked for any such law enforcement agency?

5)  Are you now, or have you ever been a member of a neighborhood watch group, an anti crime task force, or any similar organization?

6)  Have you or any relative, close friend or neighbor ever been a victim of a crime or a witness to a crime? If so, please describe the crime and state whether such experience would affect your ability, to even the slightest degree, to render a fair and impartial verdict in this case?

7)  Do you have any opinion about the criminal justice system, defense lawyers, prosecutors, or law enforcement officers that would in any way affect your ability to render a fair and impartial verdict in this case?

8)  Would you tend to believe or give more weight to the testimony of a Law enforcement officer such as a police officer and/or FBI agent rather than a civilian

witness simply because he/she is a law enforcement officer?

9) It is expected that you will hear from people who made deals with the Government to plead guilty in exchange for their testimony against the defendant; would you be able to fairly assess the credibility, or lack there of, of such witnesses?

10) The defendant is presumed innocent as he stands before you today. Do you have any feelings that suggest to you that had the defendant done nothing wrong he would not be before you today indicted on these charges?

11) Do you understand the law requires that Government prove the defendant guilty beyond a reasonable doubt as to all elements charged and that the defendant does not have any obligation to present any evidence or to testify on his own behalf. Do you have any feelings that suggest to you that, in order to find the defendant not guilty, he must prove to you that he is not guilty? Would you need to hear from the defendant on the witness stand to make a decision?

12) If the defendant were to testify, does the fact that he is charged with Perjury make you any more or less inclined to believe his testimony at trial?

13) Do you understand that you would be following the law by finding the defendant not guilty in this case if you believed the evidence presented by the prosecution relating to that defendant did not prove to you that he was guilty beyond a reasonable doubt regardless of the prosecution's efforts?

14) Do you understand that you are required to find the defendant not guilty if you believe that the evidence presented against him by the prosecution fails to prove his guilt beyond a reasonable doubt?

15)   Are you willing to accept the rule that the defendant is presumed innocent and remains so until the jury unanimously agrees, during deliberations, that the government has proved each and every element of every charge against him beyond a reasonable doubt?

Dated: April 24, 2006
Boston, Massachusetts

Respectfully submitted,
DAVID LAFLEUR
By his attorneys,

/s/ Brad Bailey
_____
Brad Bailey, BBO#549749
Jeffrey A. Denner, BBO#120520
Gary G. Pelletier, BBO#631732
DENNER ASSOCIATES, P.C.
Four Longfellow Place, 35th Floor
Boston, Massachusetts 02114
(617) 227-2800