UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIM. NO. 04-10152-JLT |
| | ) |
| **DAVID LAFLEUR** | ) |
| | ) |
| **Defendant.** | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PROHIBIT EVIDENCE OF "OTHER CRIMES, WRONGS OR ACTS"

Defendant has filed a motion in limine for an order to preclude the government from offering certain evidence at trial in its case-in-chief. The motion focuses primarily on incidents detailed in defendant Lafleur's personnel file regarding various events involving his misconduct (e.g., a 1996 assault on another Fall River police officer that led to Lafleur's suspension for two days). While reserving the right to utilize this information during cross-examination of the defendant or of his "character" witnesses, the government does not intend to introduce evidence of the misconduct detailed in defendant's personnel file during the government's case-in-chief.

However, while not being specific, defense counsel is suggesting that there may be other "unrelated behavior" which the government also cannot introduce at trial. For the sake of clarity, the government would note that the admissibility of evidence is not governed by Fed.R.Evid.R. 404(b) if it does not describe acts extrinsic to those in the indicted crime. Simply

stated, an uncharged crime or bad act arising from the same transaction should not be considered extrinsic for 404(b) purposes. See United States v. Candelaria-Silva, 162 F.3d 698, 703-704 (1st Cir. 1998); United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996). Thus, evidence which is intrinsic to the crime charged is simply not analyzed pursuant to Fed.R.Evid.R. 404(b).

    Here, the defendant is charged with perjury and obstruction of justice based upon certain statements he made before a federal grand jury. For instance, he was asked under oath: "Do you have any knowledge of corruption in the Fall River Police Department?" The defendant, a Fall River police officer himself, replied, "No." As part of the proof of the falsity of this testimony, the government will present the testimony of the defendant's cousin, Vincent Schieri. Mr. Schieri, who was convicted of drug trafficking charges along with Timothy Mello as a result of the grand jury's investigation and is now cooperating with the government, will testify inter alia that defendant Lafleur once brought him powder cocaine in order for Schieri to turn it into "rock" cocaine. After Mr. Schieri did so, Officer Lafleur let him keep it (even though defendant Lafleur indicated the cocaine was police evidence). This information, which was disclosed months ago to the defense, is clearly not 404(b) material - it's direct proof of the falsity of defendant Lafleur's claim that he

was not aware of corruption in the Fall River police department.

Respectfully submitted,

MICHAEL J. SULLIVAN<br>
United States Attorney

Dated: April 25, 2006         By: /s/ Brian T. Kelly
                                  Brian T. Kelly
                                  George W. Vien
                                  Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

　　I, Brian T. Kelly, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ Brian T. Kelly<br>
BRIAN T. KELLY<br>
Assistant U.S. Attorney