UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Crim. No. 04-10152-JLT |
| v. ) | |
| ) | |
| DAVID LAFLEUR, ) | |
|       Defendant ) | |

## DEFENDANT'S PROPOSAL FOR SPECIFIC JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30, the Defendant, by and through his attorneys, submits this proposal for specific jury instructions in the above-captioned case, to be included amongst standard instructions applicable to all criminal trials.

                                                      Respectfully submitted,
                                                      DAVID LAFLEUR,
                                                      By his attorneys,

                                                      /s/ Brad Bailey

                                                      Brad Bailey, BBO#549749
                                                      Jeffrey A. Denner, BBO#120520
                                                      Denner Associates, P.C.
                                                      Four Longfellow Place, 35th Floor
                                                      Boston, MA  02114
                                                      (617) 227-2800

Dated: May 5, 2006

**CERTIFICATE OF SERVICE**

     I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be hand-delivered in Court.

|  |  |
|---|---|
|  | /s/ Brad Bailey |
| Dated: May 5, 2006 | _____ |
|  | BRAD BAILEY |

## FALSE STATEMENTS BEFORE A GRAND JURY (18 U.S.C. § 1623)

The indictment in this case accuses David Lafleur of making false statements to the grand jury under oath and knowing what he said was false when he made the statements. The indictment alleges that David Lafleur's false statements include (1) saying that he never did or would do favors for Timothy Mello, (2) saying that he never ran license plates for Timothy Mello, (3) saying that he never found out about investigations for Timothy Mello, (4) saying he never gave Timothy Mello a heads up that police officers were looking for him at various areas, (5) saying that he never told Mello about informants, (6) saying that he did not know about any Fall River Police officers who told Mello about informants; (7) saying that he had no knowledge of corruption in the Fall River Police Department, (8) saying that he had no knowledge of Fall River Police officers taking cash from criminals like Mello, and (9) saying that he had no firsthand knowledge of anyone on the Fall River Police Department who did favors for Timothy Mello.

It is against federal law for someone to make a false statement under oath to a grand jury. For you to find David Lafleur guilty of this crime, you must be convinced unanimously that the government has proved each of these things beyond a reasonable doubt:

First, that David Lafleur testified under oath before the grand jury of the United States District Court for the District of Massachusetts.

Second, that during his testimony, David Lafleur gave a false answer or declaration that was material to the Grand Jury investigation to any of the questions as charged in the indictment.

Third, that David Lafleur knew the answer he gave was false.

If you find beyond a reasonable doubt that David Lafleur gave a false answer to any of the questions charged in the indictment and if you find beyond a reasonable doubt that he knew the

answer was false, you also must agree unanimously as to which question or questions to which he provided a false answer. You may find the defendant guilty of this offense only if you all agree as to the specific false answer that he provided.

Sixth Circuit Model Jury Instructions; Federal Pattern Jury & Model Jury Instructions § 94, Federal Judicial Center.

OBSTRUCTION OF JUSTICE (18 U.S.C. § 1503)

In order to sustain its burden of proof for the crime of corruptly endeavoring to influence, obstruct, or impede the due administration of justice as charged in Count II of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: The grand jury proceeding identified in the indictment was pending at the time alleged in the indictment;

Two: David Lafleur knew that this grand jury proceeding was pending;

Three: David Lafleur made false statements to the grand jury as alleged in Count One of the indictment; and

Four: In doing so, David Lafleur corruptly endeavored to influence, obstruct, or impede the due administration of justice.

In order to find David Lafleur guilty of the crime of obstruction of justice, you must unanimously find that the government has proven all three essential elements beyond a reasonable doubt.  If you do not unanimously find that the government has proven all three elements beyond a reasonable doubt, then you must find David Lafleur not guilty of the crime of obstruction of justice.

OBSTRUCTION OF JUSTICE (18 U.S.C. § 1503)  (Version Two)

OBSTRUCTION DUE ADMINISTRATION OF JUSTICE

Title 18, United States Code, Section 1503, makes it a crime for anyone corruptly to endeavor to obstruct the due administration of justice in connection with a pending judicial proceeding.

For you to find the defendant guilty of this crime, you must be convinced unanimously that the government has proved each of the following beyond a reasonable doubt:

*First:* That there was a grand jury proceeding pending before a federal court;

*Second:* That the defendant knew of the pending judicial proceeding and endeavored to influence obstruct the due administration of justice in that proceeding; and

*Third:* That the defendant's act was done "corruptly," that is that the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to obstruct the due administration of justice as to the natural and probable effect of defendant's actions.

Fifth Circuit Model Jury Instruction

## INFORMANTS

The testimony of an informant, someone who provides evidence against someone else for money, or to escape punishment for his own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

Timothy Mello and Vincent Sche0ri may be considered informants in this case.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he has with the government, or his own interest in the outcome of this case, or by prejudice against the defendant.

Federal Jury Instructions § 15.02, Federal Judicial Center

## CAUTION AS TO COOPERATING WITNESS

You have heard the testimony of Timothy Mello and Vincent Scheri. They

(1)   provided evidence under agreements with the government; and,

(2) received a reduction in their sentences and favorable sentencing recommendations from the government in exchange for providing information.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

First Circuit Pattern Jury Instruction.  See also United States v. Newton, 891F.2d 944, 950 (1st Cir. 1989) (jury should be instructed that such "testimony must be received with caution and weighed with care"), and for paid informants, United States v. Cresta, 825 F.2d 538, 546 (1st Cir. 1987) ("the jury must be specifically instructed to weigh the witness' testimony with care").

## MOTIVE TO LIE

You should carefully scrutinize the testimony given and the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness' intelligence, his motives, state of mind, his demeanor and manner while on the witness stand. Consider also any relation each witness may bear to either side of the case. All evidence of a witness whose self-interest is shown from either benefits received, detriments suffered, threats or promises made, or any attitude of the witness which might tend to prompt testimony either favorable or unfavorable to the accused should be considered with caution and weighed with care.

Hoffa v. United States, 385 U.S. 293, 312 (1966).

## CREDIBILTY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.


This instruction is derived from Eighth Circuit Instruction 1.05 and Ninth Circuit Instruction 1.07.

## OBJECTIONS; RULINGS; BENCH CONFERENCES

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated – that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

This instruction is derived from Federal Judicial Center Instruction 1, Eighth Circuit Instructions 1.03, 1.07 and Ninth Circuit Instructions 1.05, 1.06.

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that [defendant] has had an indictment filed against [him/her] is no evidence whatsoever of [his/her] guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

Case 1:04-cr-10152-JLT    Document 51    Filed 05/05/2006    Page 14 of 14